UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**SHIRLEY CAVALIER, ET AL.**          *     **CIVIL ACTION**

**VERSUS**                                          *     **NUMBER: 07-1822**

**ALLSTATE INSURANCE COMPANY, ET AL.**  *  **SECTION "L"(4)**

## ORDER & REASONS

Before the Court is the Plaintiffs' Motion to Remand (Rec. Doc. 7). For the following reasons, the Plaintiffs' motion is now DENIED.

**I.     BACKGROUND**

This case arises from a dispute regarding insurance coverage for the Plaintiffs' home at 7101 Crowder Blvd. in New Orleans, Louisiana, which suffered damage as a result of Hurricane Katrina. The Defendants in this case are Allstate Insurance Company ("Allstate"), the Plaintiffs' homeowners' insurance carrier, and Robert Broussard, an Allstate agent. The Plaintiffs' policy has coverage limits of $157,000 for dwelling, $15,700 for other structures, and $117,750 for personal property.

In March of 2007, the Plaintiffs filed the present action in Civil District Court for the Parish of Orleans, State of Louisiana.[1] The Plaintiffs allege that they are entitled to payment from Allstate for damages and losses to the property, in addition to bad-faith penalties under Louisiana law and damages for mental anguish. The Plaintiffs also allege that Broussard failed to properly and accurately advise them of applicable exclusions in their policy, and that he failed

---

[1] The Plaintiffs filed a separate suit in state court for damages to their property at 14725 Emery Road in New Orleans, Louisiana. However, that suit has not been removed.

to procure adequate insurance.

Allstate removed this case to federal court on April 12, 2007, contending that this Court has diversity jurisdiction under 28 U.S.C. § 1332, because Broussard is improperly joined and the amount-in-controversy exceeds $75,000. On May 2, 2007, the Plaintiffs filed the instant motion to remand, arguing that the removal was procedurally defective because Broussard did not consent to removal.

## II.     LAW & ANALYSIS

The removing defendant bears the burden of demonstrating that federal jurisdiction exists and therefore that removal was proper. *See Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993). As a general matter, the removal statute is to be construed narrowly and in favor of remand to state court. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941). Indeed, "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000). Accordingly, all disputed questions of fact must be resolved in favor of the non-moving party. *See Burden v. Gen. Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995).

Allstate contends that this Court has diversity jurisdiction over this case because complete diversity exists between the Plaintiffs and the properly joined Defendant, and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332. The Plaintiffs do not dispute that the amount-in-controversy requirement has been satisfied in this case. Instead, they argue that the removal was defective because Broussard did not file a timely notice of consent.

Allstate asserts that diversity jurisdiction exists in this case because Broussard, the non-diverse defendant, was improperly joined and, therefore, that he need not consent to removal.

"The burden of proving a fraudulent joinder is a heavy one," and the burden is borne by the removing party. *Green v. Amerada Hess Corp.*, 707 F.2d 201, 205 (5th Cir. 1983). The removing party can satisfy its heavy burden by demonstrating "that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court, or that there has been outright fraud in plaintiff's pleading of jurisdictional facts." *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981). However, "[i]f there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved, then there is no fraudulent joinder. This possibility . . . must be reasonable not merely theoretical." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002); *see Smallwood v. Ill. Cent. R.R.*, 385 F.3d 568, 574 (5th Cir. 2004).

In this case, the Plaintiffs allege that Broussard failed to properly and accurately advise them of applicable exclusions in their policy and that he failed to procure adequate insurance. Allstate asserts that the Plaintiffs' claims against Broussard are time-barred pursuant to La. Rev. Stat. § 9:5606, which establishes peremptive periods for actions against insurance agents. Pursuant to this statute, if the plaintiff does not file suit within three years from the date of the alleged act, omission, or neglect, the claim must be dismissed. Moreover, if the plaintiff does not file suit within one year from the date the alleged act, omission, or neglect is or should have been discovered, the claim must be dismissed. Allstate argues that the three-year peremptive period commenced when the Plaintiffs purchased their homeowners' policy in 1991, and that the one-year peremptive period commenced, at the latest, shortly after Hurricane Katrina hit New Orleans. The Court agrees that, at the latest, the one-year peremptive period began to run shortly after August 29, 2005, when the Plaintiffs attempted to make a claim under the policy. This is

3

the latest date at which the Plaintiffs should have discovered Broussard's alleged wrongs. Accordingly, the Court finds that the Plaintiffs' claims against Broussard, filed nineteen months after Hurricane Katrina, are perempted and that Broussard was improperly joined. Thus, Allstate's removal was proper and the Court will exercise diversity jurisdiction in this case.[2]

### III.   CONCLUSION

For the foregoing reasons, IT IS ORDERED that the Plaintiffs' Motion to Remand is DENIED, and that the Plaintiffs' claims against Broussard are hereby DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this   5th   day of   June  , 2007.

_____
UNITED STATES DISTRICT JUDGE

---

[2] Accordingly, the Court need not address Allstate's alternative arguments in support of federal jurisdiction.

4